UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RAEVON T. PARKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-1464-SRW |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER FOR SUMMARY REMAND**

On October 24, 2024, the Court received a pro se "Leave to File Notice of Removal" from Dr. Raevon T. Parker, who is currently being held at the St. Louis City Justice Center. ECF No. 1. The Court construes Parker's filing with this Court as a Notice of Removal, seeking to remove his pending state-court criminal prosecution to this federal court. For the reasons discussed below, the Court will summarily remand this action to the City of St. Louis Circuit Court, the 22nd Judicial Circuit of Missouri. *See* 28 U.S.C. § 1455(b)(4).

**Background**

Parker's Notice of Removal recites the procedures for removal of a criminal prosecution, which are outlined in 28 U.S.C. § 1455. *See* ECF No. 1 at 1-3. However, despite quoting the statute's requirement that a Notice of Removal shall contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant," 28 U.S.C. § 1455(a), Parker neither states any grounds for removal nor attaches any state-court filings. *See* ECF No. 1.

The caption of his Notice does contain a state court case number, 2322-CR02340-01. *Id.* at 1. Based on an independent review of Plaintiff's criminal case on Missouri Case.net, the State

of Missouri's online docketing system, the Court has determined that Parker has been in state-court custody since October 2023, when a warrant issued for his arrest on two counts of first-degree assault or attempted assault on a police officer, and two counts of armed criminal action. *State v. Parker*, No. 2322-CR02340 (22nd Jud. Cir., filed Oct. 2023).[1] Parker was held without bond. After a grand jury returned an indictment, Parker was arraigned on January 10, 2024. *State v. Parker*, No. 2322-CR02340-01 (22nd Jud. Cir., filed Jan. 2024). However, in March 2024, the State court found that Parker lacked the mental fitness to proceed in the criminal case against him and committed Parker to the custody of the Director of the Department of Mental Health. Recently, in October 2024, the Director of the Missouri Department of Mental Health recommended the continued commitment of Parker, based on an examination which found no significant change in Parker's mental status and that he still lacks the competency to proceed. Apparently, due to a shortage of staffing and bed space, Parker is still being held at the St. Louis City Justice Center, awaiting transfer to a Missouri department of mental health facility.

## Discussion

Because there is no statutory basis for Parker to remove his state prosecution to federal court, and he has not complied with the statutory requirements of removal, this matter will be summarily remanded to the City of St. Louis Circuit Court. Parker does not state his grounds for removal or provide any statutory authority in support of removal. The only statute he cites—28 U.S.C. § 1445—does not, itself, provide a substantive basis for removal jurisdiction, but merely sets forth the procedural requirements for removing a criminal case from state court. As explained below, three federal statutes allow for the removal of certain criminal prosecutions from state to

---

[1] The Court may take judicial notice of judicial opinions and public records. *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005).

federal court. Those statutes are extraordinarily limited, however, and none of them allow for removal of Parker's state-court matter.

First, 28 U.S.C. § 1442 provides that civil and criminal actions commenced in state court against the United States itself, and against officers of the United States acting under color of office, may be removed by them to federal court. Nothing in Parker's Notice of Removal indicates that he is a federal officer or otherwise meets the requirements of § 1442. Parker has not sought to invoke § 1442, and there is no reason to believe that Parker could successfully invoke § 1442 if he tried.

Second, 28 U.S.C. § 1442a allows for removal of a "civil or criminal prosecution in a court of a State of the United States against a member of the armed forces of the United States" who was acting under color of his status as a member of the armed forces. Similarly, there is no indication in the Notice filed by Parker that he is a member of the United States armed forces or that he was acting under color of his status as a member of the armed forces. Parker, therefore, cannot invoke (and has not tried to invoke) § 1442a.

Third, 28 U.S.C. § 1443 states:

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

In order to remove a case under § 1443(1), a defendant must show (1) "that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights

– 3 –

stated in terms of racial equality" and (2) "that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State." *Johnson v. Mississippi,* 421 U.S. 213, 219 (1975) (internal quotations and parentheses omitted). Generally, removal jurisdiction under § 1443(1) is limited, and the vindication of a defendant's federal rights is left to the state courts except in rare situations. *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 828 (1966).

This is not one of those rare situations. Here, Parker does not satisfy either prong of this test. Parker alleges no violation of his constitutional rights, and certainly no violation based on his race. "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice" to remove a case under § 1443(1). *Johnson*, 421 U.S. at 219. With respect to the second prong, there are no allegations offered by Parker from which the Court could conclude that the state courts cannot vindicate his federal constitutional rights. For these reasons, Parker may not invoke § 1443(1) as a basis for removing this prosecution to federal court.

Section 1443(2) is no more availing for Parker. That provision "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood, Miss.,* 384 U.S. at 824. As noted above, there is no indication from the documents filed by Parker that he is a federal officer or agent. Nor is there any indication that Parker was executing duties under federal law providing for equal civil rights. Parker, therefore, cannot remove his state criminal proceeding under § 1443(2).

Finally, even if there were a statute providing for the removal of Parker's state-court prosecution to federal court (and there is not), Parker has not adequately followed the procedures for removal. 28 U.S.C. § 1455 states, in relevant part:

(a) **Notice of Removal.**—A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal … containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(b) **Requirements.**—(1) A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

(2) A notice of removal of a criminal prosecution shall include all grounds for such removal.

Parker did not provide a short and plain statement of his grounds for removal. Parker did not attach any State court pleadings or orders. According to the State court docket, Parker was arraigned on January 10, 2024, and he did not file his notice of removal until October 2024. Parker has failed to argue any "good cause" for why his Notice was filed over eight months late.

"If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). For the reasons provided above, removal cannot be permitted in this case. Therefore, the Court summarily remands this matter to the Circuit Court of the City of St. Louis. Accordingly,

**IT IS HEREBY ORDERED** that this action is **REMANDED** to the City of St. Louis Circuit Court, the 22nd Judicial Circuit of Missouri. *See* 28 U.S.C. § 1455(b)(4).

**IT IS FURTHER ORDERED** that the Clerk of Court shall forward a certified copy of this Order to the City of St. Louis Circuit Court, with reference to *State v. Parker,* No. 2322-CR02340-01 (22nd Jud. Cir., City of St. Louis).

*/s/ Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 5th day of November, 2024.